**David Jay Glassman, Esq.**
**Law Offices of David Jay Glassman, Esq.**
*Attorney for Kevin Roper*
**N.J. Attorney I.D. 021461980**
**Five Greentree Centre, Suite 104**
**525 Route 73 North Marlton, NJ 08053**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRACY MORGAN, ARDLEY FUQUA, JR. JEFFREY MILLEA and KRISTA MILLEA<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC. and WAL-MART TRANSPORTATION, LLC<br><br>Defendants. | MOTION TO INTERVENE<br><br>Docket No. 3:14-cv-04388-MAS-LHG |

**NOTICE OF MOTION TO INTERVENE**

**PLEASE TAKE NOTICE** that the undersigned attorney, on behalf of Kevin Roper, shall move to intervene in this matter for the purpose requesting a stay of discovery.

**PLEASE TAKE NOTICE** that a Brief in Support of the Motion to Intervene for the Purpose of Requesting a Stay of Discovery is attached to the Motion.

**PLEASE TAKE NOTICE** that this Motion is made returnable for December 15, 2014, the next available Motion day. Oral Argument is hereby requested.

                                        /S/ David Jay Glassman, Esquire
                                        David Jay Glassman, Esquire
                                        Law Offices of David Jay Glassman, Esq.
                                        Attorney for Kevin Roper
                                        N.J. Attorney I.D. 021461980
Date:  11/14/14                          Five Greentree Centre, Suite 104
                                        525 Route 73 North Marlton, NJ 08053

**David Jay Glassman, Esq.**
**Law Offices of David Jay Glassman, Esq.**
**Attorney for Kevin Roper**
**N.J. Attorney I.D. 021461980**
**Five Greentree Centre, Suite 104**
**525 Route 73 North Marlton, NJ 08053**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY MORGAN, ARDLEY FUQUA, JR. JEFFREY MILLEA and KRISTA MILLEA<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC. and WAL-MART TRANSPORTATION, LLC<br><br>Defendants. | MOTION TO INTERVENE<br><br>Docket No. 3:14-cv-04388-MAS-LHG |

**MOTION TO INTERVENE**
**FOR PURPOSE OF REQUESTING STAY OF DISCOVERY**
**TO PROTECT CONSTITUTIONAL RIGHTS OF KEVIN ROPER**

AND NOW, comes Kevin Roper by and through his attorney, David J. Glassman, Esquire, and files this Motion to Intervene for Purpose of Requesting a Stay of Discovery and in support thereof avers the following:

1. The United States Supreme Court has long recognized that when there is a danger of unfair prejudice to a criminal defendant, the Court may stay a civil proceeding so that the rights of the accused are adequately protected. See, e.g. United States v. Kordel, 397 U.S. 1, 12, 90 S. Ct. 763, 769-770 (U.S.1970).

2. The facts in this case are well known to this Court. Therefore, due to the immediacy of the impending possible harm to the constitutional rights of Kevin Roper, the facts are relied upon to the extent that they are well known to the Court and all parties involved.

1

3. On June 7, 2014, Roper was criminally charged by the Middlesex County Prosecutor for Death by Auto, NJCCJ § 2C:11-5, and Assault by Auto, NJCCJ § 2C:12-1C(1) as a result of an accident that occurred earlier that day on the New Jersey Turnpike. A copy of the criminal Complaint is attached hereto as Exhibit "A."

4. Any time criminal charges are brought by the State, there are certain constitutional protections that attach to the defendant. See, e.g. Helvering v. Mitchell, 303 U.S. 391, (U.S.1938)(double jeopardy protection); Gannett Co. v. DePasquale, 443 U.S. 368, 378 (U.S.1979)(public trial and concomitant right against prejudicial pretrial publicity); Marshall v. United States, 360 U.S. 310, 79 S. Ct. 1171 (U.S.1959)(right to an impartial jury); Apprendi v. New Jersey, 530 U.S. 466,120 S. Ct. 2348 (U.S.2000)(right to have each element of case proved *by the prosecution* beyond a reasonable doubt); Cuyler v. Sullivan, 446 U.S. 335, 100 S. Ct. 1708 (U.S.1980)(right to assistance of impartial counsel).

5. In addition, a criminal defendant has a right against self-incrimination and the right to remain silent throughout the criminal proceedings. Mitchell v. United States, 526 U.S. 314, 119 S. Ct. 1307 (U.S.1999).

**Request to Intervene**

6. Federal Rule of Civil Procedure 24(a)(2) requires that a Court grant intervention to any party that claims an interest relating to the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede Roper's ability to protect that interest, unless the existing parties adequately represent that interest. Fed.R.Civ.P. 24(a)(2).

7. Intervention may be sought for a limited purpose and for limited duration, such as the granting of a stay. See Brody v. Spang, 957 F.2d 1108, 1115 (3d. Cir. 1992)(intervention limited to merit stage of proceeding); See also SEC v. Dresser Industries, Inc., 628 F.2d 1368,

2

1390,1980 (D.C. Cir.1980)(Appellate Court "troubled" by failure of trial court to analyze right to intervene of potential defendants in criminal action for purpose of requesting stay of discovery); Ashworth v. Albers Med., Inc., 229 F.R.D. 527 (S.D. W. Va. 2005)(acknowledging inherent power of courts to grant intervention for request of stay of discovery).

8. A trial court's denial of a request for intervention is a final order and immediately invokes the appellate rights of the potential intervenor. New York News, Inc. v. Kheel, 972 F.2d 482, 485 (2d. Cir. N.Y. 1992).

9. A district court that denies a motion to intervene as of right by failure to adequately address the appropriate legal standards regarding intervention will be reversed. Benjamin v. Dep't of Pub. Welfare of Commonwealth, 432 Fed. Appx. 94, 97 (3d Cir. 2011).

10. A party seeking to intervene pursuant to Rule 24(a)(2) must satisfy the following requirements: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the outcomes; and (4) the interest is not adequately represented by an existing party in the litigation. Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania, 701 F.3d 938, 948 (3d Cir. 2012).

11. Roper has brought this Motion to Intervene before this Court in a timely manner.

12. Upon information and belief, the parties to the civil proceeding have not yet exchanged discovery.

13. Therefore, Roper seeks to intervene at the earliest possible stage of litigation, to which there could be no prejudice to the parties by permitting the intervention.

14. Roper has a very significant interest in this litigation, including any evidence that may be produced.

15. When determining whether the interest of the intervening party is of such that the Court should permit intervention, the intervening party must demonstrate that there is a "tangible threat to a legally cognizable interest." Id. at 951.

16. Roper can establish more than a tangible threat to a legally cognizable interest. Roper seeks to intervene to protect constitutional criminal procedural and due process rights that would be directly impacted if this Court were to permit discovery to continue.

17. Further, these interests, the Constitutional rights of Roper, would be directly impaired depending upon the ultimate outcomes of matters such as: requests for protective orders; subpoenas; depositions; interrogatories; production of documents, things and electronically stored information; stipulations between the parties; mental and physical examinations; and objections by the parties to any and all discovery.

18. The continuation of discovery and the ultimate outcome of discovery matters would impact the constitutional rights of the Roper because it would provide a *de facto* additional forum through which the criminal prosecution could obtain evidence for use in the criminal trial against Roper. See SEC v. Dresser, 628 F.2d at 1375-1376 (discussing the danger of expanding criminal discovery beyond the rules of criminal procedure to the detriment of the defendant)(citing Texaco, Inc. v. Borda, 383 F.2d 607, 608-609 (3d. Cir. 1967).

19. The interests of Kevin Roper are not adequately represented by the current parties to the litigation. Roper is not named as a party to the civil matter. However, direct allegations of improper actions or inactions on the part of Roper are made against him in the civil Complaint. He is addressed by name in the Complaint numerous times. See civil Complaint at ¶¶ 1, 9, 12, 13, 14, 15, 16, 17, 38, 39, 40, 47, 49, 56, 58, 68, 69, 70, 71, and 79, attached hereto as Exhibit "B."

20. Plaintiffs make a number of claims in the Complaint that allegedly involve Kevin Roper.

21. Roper has no legal representation in this civil matter, although his name is mentioned repeatedly in the Complaint.

22. I, David Jay Glassman, Esquire am defending Kevin Roper in the criminal matter, State of New Jersey v. Kevin J. Roper, Esquire, Complaint No. 1202-W-2014-000048 and 1202-S-2014-000049.

23. Since Roper has no adequate representation in the civil matter, he has come before this Court requesting to intervene for the purpose of a stay of discovery.

24. In cases where there are claims of improper actions on the part of a corporate defendant, it is especially important for the courts to be alert to the possibility of conflict between the interests of the corporate entity and its employees when considering whether to grant intervention. SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1390.

25. Since Roper's interests are not adequately represented, Roper should be granted intervention.

26. Additionally, a party may request intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(b).

27. The Court may grant intervention to anyone who has a claim or defense that shares with the main action common questions of law or fact. F.R.C.P. 24(b)(1)(b).

28. Whether or not to grant permissive intervention is within the complete discretion of the trial court. Hoots v. Pennsylvania, 672 F.2d 1133, 1135 (3d. Cir. 1982).

29. The burden, upon the intervening party, may be satisfied by demonstrating that its interests, though similar to those of an existing party, are nevertheless sufficiently different, such that the representative cannot give the applicant's interests proper attention. Id.

30. According to the claims contained in Plaintiff's Complaint, Roper has an interest that shares with the main action common questions of both law and fact.

31. There will be no prejudice to the existing parties, or undue delay such as a "last minute disruption of painstaking work by the parties and the Court." See, NCAA v. Christie, Civil Action No. 12-4947 (Order of December 11, 2012, granting permissive intervention), attached hereto as Exhibit "C."

32. Therefore, Roper should be granted permissive intervention for the purpose of requesting a stay of discovery. See, e.g. Ashworth v. Albers Med., Inc., 229 F.R.D. 527 (S.D. W. Va. 2005); SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1390,1980 (D.C. Cir.1980).

**Request for Stay of Discovery**

33. If delay of the noncriminal (civil) proceeding would not seriously injure the public interest, a court may be justified in deferring it. SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980)(citing, e.g. Texaco, Inc. v. Borda, 383 F.2d 607 (3d. Cir. 1967).

34. The power to grant a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Texaco, Inc. v. Borda, 383 F.2d 607, 608 (3d Cir.1967). Courts in the Third Circuit have opined that when there are both civil and criminal proceedings that arise out of the same set of circumstances, the criminal matters ought to be tried first. In re Residential Doors Antitrust Litig., 900 F. Supp. 749, 756 (E.D. Pa. 1995).

35. This is the case because Fifth Amendment claims against self-incrimination have a strong tendency to interrupt civil discovery. Id.(Court ultimately denied stay of civil proceeding due to the fact that the criminal trial was already complete).

36. The substantially different rules that apply to discovery in civil and criminal cases are important reasons for staying civil discovery in cases where there are parallel criminal proceedings. Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d. 6 (D. Conn. 2002).

37. Depositions of witnesses and other forms of civil discovery will, without question, provide information that would not otherwise be discoverable in the criminal matter, and provide examples of Roper's strategy in defense of the criminal matter. The requested stay would completely mitigate against the likelihood of this unfair outcome. See, e.g. Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d. at 9-10.

38. Courts have looked to five factors when considering whether to grant a stay: (1) plaintiff's interest and potential prejudice; (2) the burden on the defendants; (3) the burden on the Court; (4) the burden on non-parties; and (5) the public's interest. Golden Quality Ice Cream Co. v. Deerfield Specialty, 87 F.R.D. 53 (E.D. Pa. 1980); In re Residential Doors Antitrust Litig., 900 F. Supp. 749, 756 (E.D. Pa. 1995). See also Keating v. Office of the Thrift Supervision, 45 F.3d 322, 324-325 (9th Cir. 1995).

39. There is no requirement that Plaintiffs proceed quickly, and neither the Plaintiffs nor the Defendants will be prejudiced by a delay. The accident that gives rise to this Complaint allegedly took place on June 7, 2014. The civil Complaint was filed on July 10, 2014. It has been widely reported in the news media that a number of Plaintiffs have not reached complete medical recovery, thus making the question of damages indeterminable at this time. Therefore, a stay of discovery would not prejudice the parties.

40. Despite that the accident allegedly occurred on June 7, 2014, the criminal matter is already pending presentment by the Middlesex County Prosecutors Office to the Grand Jury.

41. Under these circumstances, there is no prejudice to the Parties by a delay of discovery.

42. Further, Roper humbly suggests that when compared to the likelihood of potential violations of his Constitutional rights, a delay in discovery does not greatly inconvenience the parties.

43. Even if there was a likelihood of inconvenience that the Parties could point to, such inconvenience of delay would not prevail when weighed against the Fifth Amendment interests of Roper. See Corbin v. Federal Deposit Ins. Corp., 74 F.R.D. 147, 149 (E.D.N.Y. 1977)("While a stay…may cause some inconvenience and delay to the [government], 'protection of the defendant's constitutional rights against self-incrimination is the more important consideration'")(quoting Dienstag v. Bronsen, 49 F.R.D. 327, 329 (S.D.N.Y. 1970).

44. Courts have noted that in evaluating the party's burden resulting from a stay, courts may insist that the party establish more prejudice than simply a delay in the right to expeditiously pursue a claim. Maloney v. Gordon, 328 F. Supp. 2d 508, 512 (D. Del. 2004)(citing In re Adelphia Commons. Secs. Lit., 2003 U.S Lexis 9736 at 10 (E.D. Pa. May 14, 2003).

45. Prejudice to a party only results when the passage of time allows memories to fade, witnesses to relocate, or otherwise become unavailable. Walsh Sec. v. Cristo Prop. Mgmt. Ltd., 7 F. Supp. 523, 528 (D.N.J. 1998).

46. The relief requested herein would not prejudice the Parties in any way other than to necessitate a brief delay in the continuation of discovery.

47. Therefore, due to the absence of the necessity to proceed quickly with this litigation and the absence of any potential for prejudice to the parties, Roper's request for a stay of discovery should be granted.

48. If a defendant in a criminal action successfully demonstrates that he bears the risk of having evidence from the civil trial used against him in the criminal proceeding, or the risk of

being forced to expose the strategy underlying his criminal defense to the government before the criminal trial, courts are inclined to grant a stay. Texaco, Inc. v Borda, 383 F.2d 607 (3d. Cir. 1967); United States v. U.S. Currency, 626 F.2d 11, 17 (6th Cir. 1980), cert denied 449 U.S. 993 (1980); Brock v. Tolkow, 109 F.R.D. 116 (E.D.N.Y. 1985); Perry v. McGuire, 36 F.R.D. 272 (S.D.N.Y. 1964).

49. If the Court does not impose such a stay, the criminal defendant will be forced into the untenable position of choosing between waiving his Fifth Amendment rights or permitting the prosecution to use the criminal defendant's invocation of his Fifth Amendment rights and any adverse evidence introduced in the civil litigation. See Volmar Distributors, Inc. v. The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

50. Where the criminal defendant is also a named defendant to the civil action, the prejudice is arguably less because the defendant has the ability to challenge and defend against the allegations of the Plaintiff.

51. However, when as here, Roper was not named as a civil Defendant, Roper has no other manner to defend against evidence produced in the civil action, that would otherwise not be subject to the criminal rules of discovery, but to request a stay of discovery in the civil proceeding.

52. This danger is even more prevalent when there are claims in the civil matter of improper actions on the part of a corporate entity, and the employees of the corporate entity seek to intervene to request the stay. See SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1390.

53. Considering the interest of non-parties to this litigation also clearly favors the grant of a stay since Roper is not a party to this action.

9

54. It is commonplace for Courts to grant stays of civil actions when requested by the Government in order to protect the integrity of criminal actions. SEC v. Downe, 1993 U.S. Dist. Lexis 753 (S.D.N.Y); Board of Governors of the Federal Reserve System v. Pharaon, 140 F.R.D. 634 (S.D.N.Y. 1991); United States v. Hugo Key and Son, Inc., 672 F. Supp. 656 (D.R.I. 1987).

55. This is no different than what is being requested of this Court by Roper.

56. The civil action and the criminal action both contain claims of similar improper actions or inactions. Both the civil and criminal matters stem from allegations made by the Plaintiffs or others as to the same issues, facts and circumstances. Both actions have common witnesses and common evidence.

57. The civil discovery process is likely to result in forcing Roper to testify about his actions, or have those actions described by others, to which he could not defend against, short of waiving his right against self-incrimination.

58. The overlap between the criminal and civil matters is unavoidable, and thus the prejudice to Roper would be substantial and result in the potential violation of Roper's Constitutional rights.

59. Lastly, Roper would be prejudiced in the criminal action. Due to the allegations against him in the Plaintffs' Complaint, he is likely to be intricately involved in the civil matter, including the discovery process. Since he would simultaneously be involved in the civil and criminal matter, he and his counsel would be required to participate in discovery while at the same time attempting to adequately defend against the criminal charges.

60. Therefore, as exhibited above, it would be unfair, unjust and prejudicial to Roper to require him to continually defend against the claims of the Plaintiffs in the civil action, so as to

preserve his position in the criminal matter, while at the same time, defending against the criminal charges against him.

61. The interests of this Honorable Court favor a stay.

62. Criminal charges are already pending. Therefore, any stay granted will not be for an indefinite period of time.

63. If discovery in the civil action is stayed until the conclusion of the criminal matter, it will obviate the need to make rulings on continual requests for intervention, protective orders, and on discovery issues that may impact the criminal case. See Maloney v. Gordon, 328 F. Supp. 2d 508, 513 (D. Del. 2004); Javier H v. Garcia Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003)("By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed).

64. Courts have also recognized that the outcome of a criminal matter may guide the parties in settlement discussions and has the potential to narrow the issues in the civil case. United States v. Mellon Bank, 545 F.2d. 869, 873 (3d. Cir. 1976)(affirming stay of discovery and stating "it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case.") Maloney v. Gordon, 328 F. Supp. 2d 508, 513 (D. Del. 2004); In re Grand Jury Proceedings (Williams), 995 F.2d. 1013, 1018 at n.11 (11th Cir. 1993); Brock v. Tolkow, 109 F.R.D. 116, 119-120 (E.D.N.Y. 1985).

65. Therefore, it is in the interests of this Court, of judicial economy, and of economy to the parties to the action for the Court to grant the relief requested.

66. Finally, a stay will be in the public's interest.

67. Significantly, upon information and belief, the factual circumstances that gave rise to this action are still under investigation by the National Transportation Safety Board (NTSB).

68. The extent to which the information obtained in that investigation and the conclusions drawn by the NTSB, will be of benefit, not only to the parties, but to Roper, cannot be determined until the investigation is complete.

69. There is also a compelling public interest in facilitating the enforcement of criminal laws above and beyond the needs of the civil courts.

70. The very fact that there is a distinction between criminal and civil proceedings gives rise to the public interest in a stay of the civil action. See Campbell v. Eastland, 307 F. 2d. 478 (5th Cir. 1962)("The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant").

71. Since the interests of the Parties are not prejudiced when weighed against the interests of Roper, and the interests of the Court and the public weigh in favor of a stay, Roper hereby requests that this Honorable Court grant the request for a stay.

WHEREFORE, Roper hereby requests that this Honorable Court grant the Motion to Intervene and grant the enclosed Order issuing a stay of discovery of this matter pending outcome of the criminal charges against Roper and grant such other relief as this Court should deem just and proper.

Respectfully submitted,

/S/ David Jay Glassman, Esquire
David Jay Glassman, Esquire
Law Offices of David Jay Glassman, Esq.
Attorney for Kevin Roper
N.J. Attorney I.D. 021461980
Five Greentree Centre, Suite 104
525 Route 73 North Marlton, NJ 08053

Date:    11/14/14