# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

TRACY MORGAN, ARDLEY FUQUA,
JR., JEFFREY MILLEA and KRISTA
MILLEA,

           Plaintiffs,

v.

WAL-MART STORES, INC. and WAL-
MART TRANSPORTATION, LLC,

           Defendants.

_____/

---

## PLAINTIFFS' OPPOSITION TO KEVIN ROPER'S MOTION TO INTERVENE

---

Return Date: 12/15/14

Opposition Date:   12/1/14

David T. Sirotkin
Benedict P. Morelli
David S. Ratner
MORELLI ALTERS RATNER, LLP
Attorneys for Plaintiffs
777 Third Avenue, 31st Floor
New York, NY 10015
(212) 751-9800 – Telephone
(212) 751-0046 – Facsimile

# **TABLE OF CONTENTS**

Preliminary Statement…………………………………………….……………1

I.      Mr. Roper's Request to Stay Discovery Should be Denied……….3

        1.  Similarity of the Issues Between Civil and Criminal Case…….4

        2.  Status of the Criminal Case…………………………………7

        3.  Prejudice to Plaintiff…………………………………………...8

        4.  Burden on Defendant…………………………………...……..11

        5.  The Interest of the Court……………………………………...14

        6.  The Public Interest……………………………………………15

II.     Mr. Roper Should Not Be Permitted to Intervene in this Case…..17

     A. Fed. R. Civ. P. 24(a)(2) – Intervention as of Right…………….18

     B. Fed. R. Civ. P. 24(b)(1)(b) – Permissive Intervention…...………21

Conclusion…………………………………………………………………….21

# TABLE OF AUTHORITIES

## Cases

Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810
(1976)……………………………………………………………….…..12

Benjamin v. Dep't of Pub. Welfare of Pennsylvania, 432 F. App'x 94
(3d Cir. 2011)………………………………………………….……......18

Castellani v. City of Atl. City, No. CIV. 13-5848 RMB/AMD, 2014 WL
201955 (D.N.J. Jan. 15, 2014)…………..……………………………………….5-9,15

Colombo v. Bd. of Educ. for the Clifton Sch. Dist., No. CIV.A. 11-00785
CCCC, 2011 WL 5416058, (D.N.J. Nov. 4, 2011)……………………….…………12

Cress v. City of Ventnor, No. CIV. 08-1873(NLH), 2009 WL 750193
(D.N.J. Mar. 18, 2009)……………………………………………...…….4,5,8,9,14,15

De Vita v. Sills, 422 F.2d 1172 (3d Cir.1970)………………………………………...3

Forrest v. Corzine, 757 F. Supp. 2d 473 (D.N.J. 2010)…………………….3,5,14,15

Gold v. JohnsMansville Sales Corp., 723 F.2d 1068 (3d Cir.1983)……………….3

Golden Quality Ice Cream Co. v. Deerfield Specialty, 87 F.R.D. 53 (E.D. Pa.
1980)……………………………………………………………………….4

Hoots v. Pennsylvania, 672 F.2d 1133 (3d. Cir. 1982)…………..…………….21

In re Herley Indus. Inc. Sec. Litig., No. CIV A 06-2596, 2007 WL 1120246
(E.D. Pa. Apr. 11, 2007)………………………………………………………..10

In re New Jersey Tax Sales Certificates Antitrust Litig., 2014 WL 5512661…….16

In re Par Pharmaceutical Inc., 133 F.R.D. 12, 13 (S.D.N.Y.1990)………….…….7

Kleissler v. U.S. Forest Service, 157 F.3d 964 (3d Cir.1998)……………………19

Landis v. N. Am. Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936)…………3

Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005)……………20

Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361
(3d Cir. 1995)……..………………………………………………………...……..19

NJ Affordable Homes Corp., No. 05-60442(DHS), 2007 WL 869577, (Bankr.
D.N.J. Mar. 19, 2007)………………………………………………………………7

Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc., 486 F.Supp.
1118 (S.D.N.Y.1980)………………...………………………………………………11

Panthera Rail Car LLC v. Kasgro Rail Corp., No. CIV.A. 13-679, 2014 WL
1612646 (W.D. Pa. Apr. 22, 2014)………………….…………………...……..19

State Farm Mut. Auto. Ins. Co. v. Beckham-Easley, No. CIV.A. 01-5530, 2002
WL 31111766 (E.D. Pa. Sept. 18, 2002)…………………..………………7,8,12,16

Sterling National Bank v. A–1 Hotels International, Inc., 175 F. Supp 2d. 573
(2nd Cir.2001)……………………………………………………….……9,11

United States v. Private Sanitation Indus. Ass'n, 811 F.Supp. 802
(E.D.N.Y.1992)………………………………………………………………7

U.S. v. Kordel, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970)…………..3

Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523 (D.N.J.
1998)………………………………………………………………..…………3,7,15

## Statutes

NJCCJ §2C:11-5……………………………………………...…………………2

NJCCJ§ 2C:12-1C(1).………………………………………………………2

## Rules

49 C.F.R. part 831……………………………………………………………..10

Fed. R. Civ. P 24……………………………………………………….…………17

Fed. R. Civ. P. 24(a)(2)……………………………………...……….17,18,20,21

Fed. R. Civ. P. 24(b)(1)(b)…………………………………...………..…...17,21

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY MORGAN, ARDLEY FUQUA, JR., JEFFREY MILLEA and KRISTA MILLEA, | Civil Action No. 14-cv-04388 (MAS) (LHG) |
| Plaintiffs, | |
| v. | **Plaintiffs' Opposition to Kevin Roper's Motion to Intervene** |
| WAL-MART STORES, INC. and WAL-MART TRANSPORTATION, LLC, | **Motion Date: December 15, 2014** |
| Defendants. | |

Plaintiffs Tracy Morgan, Ardley Fuqua, Jr., Jeffrey Millea, and Krista Millea (collectively, "Plaintiffs") hereby submit this Opposition to Kevin Roper's Motion to Intervene for the Purpose of Requesting a Stay of Discovery.

## **Preliminary Statement**

On June 7, 2014, Mr. Roper, while in the course of his employment as a Wal-Mart truck driver, was involved in serious motor vehicle accident. The accident occurred when the Peterbilt truck driven by Mr. Roper slammed into the rear of the Mercedes Benz Sprinter limousine vehicle occupied by Mr. Morgan, Mr. Fuqua, Jr., and Mr. Millea.  The accident occurred on a section of the New Jersey Turnpike in Cranbury, NJ where the

1

speed limit was reduced from 55 miles-per-hour to 45 miles-per-hour because of ongoing construction.  The truck was traveling 65 miles-per-hour at the time of the collision.  Mr. Morgan, Mr. Fuqua, Jr., and Mr. Millea all sustained serious personal injuries.

Mr. Roper was arrested and was criminally charged by the Middlesex County Prosecutor for Death by Auto, NJCCJ §2C:11-5, and Assault by Auto, NJCCJ§ 2C:12-1C(1).  Mr. Roper has not been indicted.

On July 11, 2014, Plaintiffs filed the instant civil lawsuit against Wal-Mart Stores, Inc., and Wal-Mart Transportation, LLC.  Notably, Plaintiffs did not name Mr. Roper as a defendant in the case.

Now, over four months after Plaintiffs filed their Complaint, Mr. Roper seeks to intervene in this case.  Mr. Roper's sole purpose for seeking intervention is to request that discovery be stayed in its entirety.  However, as will be articulated more fully below, a stay of discovery is inappropriate in this case.  Accordingly, Mr. Roper should not be permitted to intervene because no purpose would be served by permitting his intervention.  This Opposition will first address why a stay is inappropriate in this case, and then address why Mr. Roper's request to intervene is inappropriate.

## I.   **Mr. Roper's Request to Stay Discovery Should be Denied**

The stay of a civil proceeding is an extraordinary remedy and is not favored. Forrest v. Corzine, 757 F. Supp. 2d 473, 476 (D.N.J. 2010) (*citing* Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).  However, a court has the discretion to stay a case if the interests of justice so require.  Id., (*citing* U.S. v. Kordel, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970)). A stay of a civil case where there are pending criminal proceedings is not constitutionally required but may be warranted in certain circumstances. Id., (*citing* U.S. v. Kordel, 397 US at 12; *De Vita v. Sills*, 422 F.2d 1172, 1181 (3d Cir.1970)). Whether to stay a case "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." Id., (*citing*, Landis, 299 U.S. at 254–55). However, "it is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity', if there is 'even a fair possibility' that the stay would work damage on another party". Gold v. JohnsMansville Sales Corp., 723 F.2d 1068, 1075–76 (3d Cir.1983) (*citing* Landis, 299 U.S. at 255).

Courts in the Third Circuit, and specifically the District of New Jersey have relied on weighing the six factors set forth in Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998) in considering

3

whether to stay a civil case when there are pending criminal proceedings.[1]
These factors are: (1) the extent to which the issues in the criminal and civil
case overlap; (2) the status of the case including whether the defendant has
been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed
against the prejudice to plaintiff caused by a delay; (4) the private interests
of and burden on defendants; (5) the interests of the court; and (6) the public
interest. Id. at 527–29.  After applying the six Walsh Securities Factors to
the facts of this case and weighing the accordingly, it is clear that Mr.
Roper's request for a stay should be denied.

### *Walsh Securities* Factors:

### 1. Similarity of the Issues Between Civil and Criminal Case

Under the first Walsh Securities factor, the court must examine the
extent to which the issues in the criminal and civil proceedings overlap.
Cress v. City of Ventnor, No. CIV. 08-1873(NLH), 2009 WL 750193, at *2
(D.N.J. Mar. 18, 2009).  Although not conclusive, a court is less likely to

---

[1] Mr. Roper mistakenly relies on the five factors set forth in Golden Quality
Ice Cream Co. v. Deerfield Specialty, 87 F.R.D. 53 (E.D. Pa. 1980) in
considering whether to grant a stay.  Golden Quality Ice Cream is not the
seminal case on the issue, and conspicuously fails to consider the important
factor of whether or not the criminal defendant seeking to intervene in a civil
action has been indicted, as Mr. Roper has not yet been indicted.

grant a stay if the issues in parallel civil and criminal proceedings do not completely overlap.  Id.

First, it is important to note that although there are criminal charges pending against Kevin Roper, he is not a defendant in the instant civil case. It has been uncommon for the Court to grant motions to intervene for the purpose of staying civil cases when the motions were brought by somebody other than a defendant in both the civil and criminal proceedings.  Cress, 2009 WL 750193, (Motion for Stay of civil proceedings denied), Forrest v. Corzine, 757 F. Supp. 2d 473, 479 (D.N.J. 2010) (Motion for Stay of civil proceedings denied), Castellani v. City of Atl. City, No. CIV. 13-5848 RMB/AMD, 2014 WL 201955 (D.N.J. Jan. 15, 2014), (Motion for Stay of civil proceedings denied).

Second, although there is overlap between the civil and criminal proceedings, they do not overlap in all aspects.  Cress, 2009 WL 750193, at *2.  Although both the Plaintiffs' claims and the criminal charges arise out of the motor vehicle accident, Plaintiffs' claims are broader than just the instant motor vehicle accident.  Id. (Motion to Intervene for the Purpose of Requesting a Stay of Discovery denied where Plaintiff's claims were much broader than just the incident which gave rise to the criminal charges).  The criminal charges against Mr. Roper arise solely out of the accident, and

5

pertain solely to his alleged reckless driving which caused the accident and injuries to the Plaintiffs and other vehicle occupants.  In contrast, Plaintiffs' punitive damages claims against Wal-Mart are broader because they pertain to its reckless or intentional conduct in allowing its drivers to commute unreasonable distances to work immediately before beginning their shifts (i.e. over 700 miles for Mr. Roper), failing to properly maintain the collision-avoidance systems in its trucks, and routinely permitting its drivers to work shifts longer than permitted by the Federal Motor Carrier Safety Administration ("F.M.S.C.A.") Regulations, thereby failing to take proper measures to combat the serious danger of its drivers suffering from fatigue. These allegations are unspecific to Mr. Roper's accident, but rather pertain to Wal-Mart's custom, practice, regulation, and maintenance of its entire trucking fleet.

Third, even if the Court finds that the issues in the pending civil and criminal proceedings overlap extensively here, it still must deny the requested stay because the balance of the other Walsh Securities factors weigh against the requested stay.  Indeed, Courts in this Circuit have denied motions for stays where the first Walsh Securities factor weighed in favor of a stay, but the weight of the other factors did not.  Castellani, 2014 WL

201955, at *2; <u>NJ Affordable Homes Corp.</u>, No. 05-60442(DHS), 2007 WL

869577, at *5 (Bankr. D.N.J. Mar. 19, 2007).

**2. <u>Status of the Criminal Case</u>**

As to the second <u>Walsh Securities</u> factor:

> The strongest case for a stay of discovery in the civil case
> occurs during a criminal prosecution after an indictment is
> returned. The potential for self-incrimination is greatest during
> this stage, and the potential harm to civil litigants arising from
> delaying them is reduced due to the promise of a fairly quick
> resolution of the criminal case under the Speedy Trial Act.

<u>Walsh Securities</u>, 7 F. Supp. 2d at 527.  "Conversely, because the risk of

self-incrimination is reduced at the pre-indictment stage, and because of the

uncertainty surrounding when, if ever, indictments will be issued, as well as

the effect of the delay on the civil trial, pre-indictment requests for a stay are

typically denied." <u>State Farm Mut. Auto. Ins. Co. v. Beckham-Easley</u>, No.

CIV.A. 01-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002)

(*citing*, <u>Walsh Securities</u>, 7 F.Supp. at 527); *See also*, <u>United States v.</u>

<u>Private Sanitation Indus. Ass'n</u>, 811 F.Supp. 802, 805 (E.D.N.Y.1992)), *See*

*also*, <u>In re Par Pharmaceutical Inc.</u>, 133 F.R.D. 12, 13 (S.D.N.Y.1990), *See*

*also*, <u>In re NJ Affordable Homes Corp.</u>, 2007 WL 869577, at *6 ("As noted

in <u>Walsh</u>, requests for a stay pre-indictment are generally denied,

specifically due to the indefinite delay on civil proceedings and the

decreased risk of self-incrimination").

Here, Mr. Roper has not been indicted.  Further, there is no indication if he will be indicted, or when the final decision whether or not to indict him will be made.  Thus, staying the instant civil case would result in an indefinite delay that would be extremely prejudicial to the Plaintiffs.  *See*, Cress, 2009 WL 750193 at *2, ("Unlike when an indictment has been returned, here there is less certainty that [the criminal defendant's] criminal trial will begin shortly.  Thus, a stay would be indefinite, prejudicing Plaintiffs.").  Accordingly, the second Walsh Securities factor weighs heavily in favor of denying Mr. Roper's request for a stay of the civil case.

### 3. Prejudice to Plaintiff

The third Walsh Securities factor is plaintiff's interests in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay. Castellani, 2014 WL 201955, at *2.  Mr. Roper's Memorandum of Law misconstrues Walsh Securities where it states, "Prejudice to a party *only* results when the passage of time allows memories to fade, witnesses to relocate, or otherwise become unavailable." (Movant's Memo of Law, pp. 8) (*emphasis added)*.  It is true that the Court may insist that the Plaintiff establish more "prejudice" than simply "the right to pursue his case and vindicate his claim expeditiously.  State Farm, 2002 WL 31111766, at *3. However, courts have noted, that "it would be perverse if plaintiffs who

8

claim to be the victims of criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of the criminal authorities." Id., (*quoting*, Sterling National Bank v. A–1 Hotels International, Inc*.,* 175 F. Supp 2d. 573, 575 (2nd Cir.2001).

The Movant's assertion that a stay would not prejudice the parties in any way other than to necessitate a *brief delay* in the continuation of discovery is completely unfounded.  (Movant's Memo of Law, pp. 8) (*emphasis added)*.  In fact, because Mr. Roper has not been indicted, the delay in the civil proceeding would be indefinite.  Plaintiffs have an interest in the expeditious resolution of their civil action.  Cress, 2009 WL 750193, at *3, Castellani, 2014 WL 201955, at *2.  Additionally, Plaintiffs will suffer financial hardship if they are unable to proceed expeditiously with their civil suit as the injuries they sustained in this accident have left them unable to work.  Further, a delay of discovery creates the risk of witnesses' memories fading, witnesses becoming unavailable, documents becoming lost or destroyed, or other evidence going missing.

Moreover, Plaintiffs would be prejudiced by a stay of the civil trial because it appears that Wal-Mart is attempting to gain an unfair advantage.

In re Herley Indus. Inc. Sec. Litig., No. CIV A 06-2596, 2007 WL 1120246,

at *2 (E.D. Pa. Apr. 11, 2007) (citing "attempt to gain an unfair advantage

from the stay" as a factor courts may consider under the third Walsh

Securities factor).  Since the Complaint was filed, Wal-Mart has sought to

delay the instant civil case.  Initially, Wal-Mart attempted to delay by hiding

behind the ongoing National Transportation and Safety Board ("NTSB")

investigation, claiming it could not provide "investigative information"

pursuant to 49 C.F.R. part 831.  This ploy enabled Wal-Mart to file an

"Answer" which failed to respond to nearly half of the allegations of the

Complaint.  In doing so, Wal-Mart submitted form responses, rather than

legitimate responses to allegations in Plaintiffs' Complaint such as "On June

7, Kevin Roper was employed by Wal-Mart as a driver," "Mr. Roper lived in

Jonesboro, GA," and Mr. Roper's job was based out of a Wal-Mart facility

in Smyrna, DE."  Plaintiffs made efforts to resolve any issues which might

have hindered Wal-Mart from meaningfully participating in discovery as a

result of the ongoing NTSB investigation.  Once it was clear that Wal-Mart

would no longer be able to use the NTSB as a delay tactic, the instant

Motion to Intervene for the Purposes of Requesting a Stay was filed in short

order.[2]  Mr. Roper's request to stay discovery in the instant civil case in its entirety is also suspect, when really a stay of his deposition is all Mr. Roper would potentially need to protect his individual interest.  Wal-Mart should not be permitted to use Mr. Roper's criminal proceedings as a shield in a civil suit.  Sterling Nat. Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 575 (S.D.N.Y. 2001) (*quoting* Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc., 486 F.Supp. 1118, 1119 (S.D.N.Y.1980) ("That defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff from expeditiously advancing its claim.")  Based upon how this civil case has transpired thus far, it is reasonable to believe that Wal-Mart is attempting to gain an unfair advantage by using the instant Motion as a ploy to further delay this trial, thereby prejudicing the Plaintiffs.

Accordingly, the third Walsh Securities factor weighs in favor of denying Movant's request to stay this civil case.

### 4. **Burden on Defendant**

---

[2] Counsel for the Defendants submitted the Parties' Proposed Joint Discovery Plain to the Court via e-mail on November 14 at 1:08PM. Plaintiffs' received notice via ECF that the instant Motion to Intervene for the Purpose of Requesting a Stay of Discovery was filed at 3:45PM on the same day. This Motion mimicked language from the proposed Joint Discovery Plan, even though the Proposed Joint Discovery Plan was not yet public record.

11

With respect to the fourth <u>Walsh Securities</u> factor, Defendant experiences a significant burden when he must choose between waiving his Fifth Amendment rights by defending himself in the civil lawsuit and asserting the privilege and possibly losing the civil case. <u>Colombo v. Bd. of Educ. for the Clifton Sch. Dist.</u>, No. CIV.A. 11-00785 CCCC, 2011 WL 5416058, at \*5 (D.N.J. Nov. 4, 2011) (*citing* <u>State Farm</u>, 2002 WL 3111176, at \*3. However, it is not unconstitutional to force a defendant to make the choice between waiving his Fifth Amendment rights and losing the civil case. <u>Id</u>., (*citing* <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 318–19, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

Here, Mr. Roper is not a party to the civil case, so he does not need to choose between waiving his Fifth Amendment rights by defending himself in the civil lawsuit and asserting the privilege and possibly losing the civil case. Further, Plaintiffs have not made any claims against Roper, and therefore have not alleged that he was driving recklessly. While the outcome of any criminal action would have an effect on the civil case against Wal-Mart since it is vicariously liable for its drivers' conduct in the course of their employment, the converse is not true since any verdict obtained in the civil case would be inadmissible in Mr. Roper's criminal case.

A Scheduling Order has been entered in the instant civil case, and the parties have until June 15, 2014 to complete fact discovery.  Plaintiffs are willing to accommodate Mr. Roper by waiting until the very end of the fact discovery period to take his deposition.  That provides nearly seven months to see what transpires with regard to Mr. Roper's criminal proceedings, with absolutely no prejudice to Mr. Roper.  It is possible that a grand jury will not indict Mr. Roper, at which point he will suffer no prejudice in testifying in the instant civil case.  If a grand jury does indict him, or no decision has been made yet, the parties can revisit the issue at that point in time, when the parties and the Court will have a better idea what the best course of action to take is.  However, staying discovery in its entirety at this juncture in the case is a drastic measure that is extremely prejudicial to the plaintiffs, while providing no practical benefit to Mr. Roper.

Movant argues that discovery will, without question, provide information that would not otherwise be discoverable in the criminal matter and provide examples of Mr. Roper's strategy in a defense of the criminal matter.  However, Movant makes these bald assertions without any factual support or supporting case law.

Accordingly, the fourth Walsh Securities factor weighs in favor of denying a stay of the instant civil case.

### 5. **The Interest of the Court**

As to the fifth Walsh Securities factor, the Court has an interest in judicial efficiency in terms of managing its caseload. *See*, Cress, 2009 WL 750193, at *3. In Cress, the Movant had not been indicted, thereby making any stay indefinite. Thus, the fifth Walsh Securities factor weighed against granting a stay. Id. *See also,* Forrest, 757 F. Supp. 2d at 478 ("[Movant's] requested stay will last indefinitely since no one can accurately predict when the ongoing police investigation and prosecution will end. The stay will undoubtedly serve to delay the ultimate resolution of what is expected to be a complex case. After plaintiff filed his lawsuit he had a right to expect an expeditious resolution.") Similarly, here, Mr. Roper has not been indicted, and any stay of the instant civil case would be indefinite.

Further, "[t]he interests of justice demand that the case be managed to protect all parties' rights and to assure a reasonably prompt resolution… In the absence of good cause or material prejudice to a party, plaintiff is entitled to his discovery sooner rather than later." Forrest, 757 F. Supp. 2d at 478. Here, Mr. Roper has not shown any good cause or material prejudice

14

to him as to why Plaintiffs are not entitled to discovery sooner rather than later.

Even if Mr. Roper could show good cause for why discovery should be delayed, the Court would have no reason to stay discovery in its entirety. Rather, the Court could take the significantly less drastic measure of merely delaying Mr. Roper's deposition to prevent any potential prejudice to him.

Accordingly, the fifth Walsh, factor weighs heavily in favor of denying Movant's requested stay.

### 6. **The Public Interest**

The final Walsh Securities factor to consider is whether a civil case involves a matter of significant public interest. Cress, 2009 WL 750193, at *3. For example, "[c]ourts have denied stays where the civil case, brought by a government agency, was intended to protect the public by halting the distribution of mislabeled drugs ..., or the dissemination of misleading information to the investing public ..." Id., (citing Walsh Securities, 7 F.Supp.2d at 529). Courts have also weighed this factor in favor of denying a stay where the plaintiff's allegations raise an issue that is legitimately a matter of public concern. Castellani, 2014 WL 201955, at *3 (allegations of false arrest and excessive force against police officers), Forrest v. Corzine, 757 F. Supp. 2d at 479 (allegations of police misconduct), State Farm, 2002

15

WL 31111766, at *4 (allegation of a fraudulent insurance claim), In re NJ
Affordable Homes Corp., 2007 WL 869577, at *7(allegations of a massive
fraudulent schemes), In re New Jersey Tax Sales Certificates Antitrust Litig.,
2014 WL 5512661, at *13 (allegations of unlawful conspiracy to restrain
trade).

    This accident has sharpened the public's focus on the serious issue of
trucking accidents.  The NTSB has engaged in a full investigation of this
accident, which is uncommon.  The number of fatal large-truck crashes has
steadily increased in the U.S.  According to the most recent statistics from
the National Highway Traffic Safety Administration, there were 3,921
deaths and approximately 104,000 people injured in crashes involving large
trucks in 2012. Wal-Mart has its own fleet of private trucks which comprises
one of the largest transportation operations around the globe.  The fleet
consists of approximately 7,400 drivers, 80,000 associates in logistics, 6,121
tractors, 60,000 trailers, and 124 distribution centers. Wal-Mart drivers drive
over 713 million miles per year, making deliveries to 4,000 stores annually.
It is believed that Wal-Mart systematically engages in unsafe trucking
practices, including, but not limited to having its drivers commute
unreasonable distances to work immediately before their shifts and without
rest (i.e. 700-plus miles for Mr. Roper), failing to properly maintain

16

collision-avoidance technology in its trucks, and routinely permitting its drivers to work shifts longer than permitted by the F.M.S.C.A. Regulations. Wal-Mart's practices place drivers and passengers on America's roadways in great danger of suffering similar fates to the victims in this accident: serious injury or death.  Therefore, the public has a great interest discovery in this case proceeding expeditiously so that Wal-Mart's alleged trucking practices will be uncovered and hopefully made safer going forward.

Accordingly, the sixth <u>Walsh Securities</u> factor weighs heavily in favor of denying a stay.

A balancing of all of the <u>Walsh Securities</u> factors makes clear that Mr. Roper's request to stay discovery in this case should be denied.  Therefore, there is no reason to review the merits of whether Mr. Roper should be permitted to intervene, because his sole purpose for seeking intervention is to request a stay of discovery.

## II.    <u>Mr. Roper Should Not Be Permitted to Intervene in this Case</u>

Pursuant to Fed. R. Civ. P 24, Mr. Roper seeks to intervene in the instant civil case for the limited purpose of staying discovery both "as of right" under Fed. R. Civ. P. 24(a)(2) and via "permissive" intervention under Fed. R. Civ. P. 24(b)(1)(b).  Mr. Roper should not be permitted to intervene under either rule.

## A. <u>Fed. R. Civ. P. 24(a)(2) – Intervention as of Right</u>

Federal Rule of Civil Procedure 24(a)(2) requires that a Court grant intervention to anyone who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.  A petitioner seeking to intervene of right "must establish that: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."  <u>Benjamin v. Dep't of Pub. Welfare of Pennsylvania</u>, 432 F. App'x 94, 97 (3d Cir. 2011).  Each of these requirements must be met to intervene as of right.  <u>Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361, 366 (3d Cir. 1995).  The claimed interest in the litigation must be one that "is specific [to those seeking to intervene], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought."  <u>Id.</u>, (*citing*, <u>Kleissler v. U.S. Forest Service</u>, 157 F.3d 964, 972 (3d Cir.1998)).

It is not disputed that Mr. Roper's Motion to Intervene is timely.  However, Plaintiffs dispute the other three requirements for intervention "as

of right" under Fed. R. Civ. P. 24(a)(2).  An intervenor is required to

demonstrate "an interest relating to the property or transaction which is the

subject of the action." Panthera Rail Car LLC v. Kasgro Rail Corp., No.

CIV.A. 13-679, 2014 WL 1612646, at *1 (W.D. Pa. Apr. 22, 2014)

(citing Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder,

Inc., 72 F.3d 361, 366 (3d Cir.1995).  Mr. Roper has no sufficient interest in

the "property or transaction" that is the subject of this civil case.  Fed. R.

Civ. P. 24(a)(2).  Additionally, the outcome of this civil case has no bearing

on Mr. Roper as he is not a party, and it will not affect his criminal

proceedings should he be indicted.  While any outcome in Mr. Roper's

criminal action would have an effect on the civil case against Wal-Mart

since it is vicariously liable for its drivers, the converse is not true since the

verdict in the civil case is inadmissible in the criminal case.

Mr. Roper, in his Motion, merely states that he seeks to protect his

constitutional, criminal procedural, and due process rights, without any

further support or explanation.  (Movant's Memo of Law, pp 4)  If a movant

does not establish a sufficient interest to intervene, the Court must end its

analysis and not proceed to the "impairment" element.  Liberty Mut. Ins. Co.

v. Treesdale, Inc., 419 F.3d 216, 227 (3d Cir. 2005).  Accordingly, as Mr.

Roper has failed to show a sufficient interest to intervene in the civil case, the Court should end its analysis here.

Should the Court find that Mr. Roper has a sufficient interest in the civil case to intervene, he cannot show that his interest would be affected or impaired, as a practical matter by the outcomes. Mr. Roper argues that his Constitutional rights would be directly impaired depending upon the ultimate outcomes of matters such as: requests for protective orders; subpoenas; depositions; interrogatories; production of documents, things and electronically stored information; stipulations between the parties; mental and physical examinations; and objections by the parties to any and all discovery. However, these assertions are completely speculative, and do not warrant intervention.

Finally, should the Court determine that Mr. Roper's interest may be impaired, it should find that his interest is adequately represented by an existing party in the litigation, Wal-Mart, by whom he was employed at the time of the accident. Further, Mr. Roper's purpose in intervening is solely to stay discovery, and not to participate in discovery, so no purpose would be served by permitting his intervention.

Accordingly, the Court should deny Mr. Roper's Motion to Intervene pursuant to Fed. R. Civ. P. 24(a)(2).

### B. <u>Fed. R. Civ. P. 24(b)(1)(b) – Permissive Intervention</u>

A party may request intervention pursuant to Fed. R. Civ. P. 24(b)(1)(b).  The Court may grant intervention to anyone who has a claim or defense that shares with the main action common questions of law of fact. Fed. R. Civ. P. 24(b)(1)(b).  Whether or not to grant permissive intervention is within the discretion of the trial court.  <u>Hoots v. Pennsylvania</u>, 672 F.2d 1133, 1135 (3d. Cir. 1982) (denying Motion to Intervene).

Here, Mr. Roper has not met his burden of demonstrating that he has a claim or defense that shares with the main action common questions of law or fact.  Accordingly, permissive intervention for the purpose of requesting a stay of discovery must be denied.

### <u>Conclusion</u>

Mr. Roper is moving to intervene in this case for the sole, limited purpose of seeking a stay of discovery.  However, it is clear from a balancing of the <u>Walsh Securities</u> factors that Mr. Roper's requested stay of discovery should be denied.  Thus, there would be no purpose to grant Mr. Roper's Motion to Intervene for the Purpose of Requesting a Stay. Additionally, Mr. Roper should not be permitted to intervene under Fed. R. Civ. P. 24(a)(2) or Fed. R. Civ. P. 24 (b)(1)(b).  Accordingly, Plaintiffs

respectfully request that this Court deny Mr. Roper's Motion to Intervene for the Purpose of Requesting a Stay of Discovery.

Date: 12/1/14                                        Respectfully Submitted,

**MORELLI ALTERS RATNER, LLP**

By:  _/s/ David T. Sirotkin
David T. Sirotkin
dsirotkin@morellialters.com
D.N.J. Bar I.D.: DS4863
Benedict P. Morelli
bmorelli@morellialters.com
N.Y. Bar No.: 1060441
David S. Ratner
dratner@morellialters.com
N.Y. Bar No.: 1011279
777 Third Avenue, 31st  Floor
New York, New York 10022
Tel:  (212) 751-9800
Fax: (212) 751-0046

Attorneys for Plaintiffs