# DAVID JAY GLASSMAN
### ATTORNEY AT LAW

FIVE GREENTREE CENTRE, SUITE 104
525 ROUTE 73 NORTH
MARLTON, NEW JERSEY 08053
(856) 596-8778
FAX (856) 817-6017

MEMBER OF NJ & PA BAR

December 9, 2014

**VIA E-FILE**
Honorable Lois H. Goodman, U.S.D.J.
United States District Court
for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

> Re:  Tracy Morgan, Ardley Fuqua, Jr., Jeffrey Millea and Krista Millea v.
>      Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC
>      Civil Action No.  14-cv-04388-MAS-LHG

Dear Judge Goodman,

On behalf of my client, Kevin Roper, kindly consider the following in support of Movant's Objection to Counsel for Plaintiffs' request to file a sur-reply brief.

Initially, I note that Counsel has alleged in his correspondence to the Court a "lack of civility" with regard to these proceedings.  Although it may have gotten obscured by all the publicity surrounding this case, I fail to see any "civility" with respect to the filing of a civil action complaint while one family is still in the process of mourning the loss of a loved one and the remaining Plaintiffs were either still in the hospital or in the infant stages of their recovery from injuries suffered as a result of the subject matter motor vehicle accident.  In fact, it would be safe to conclude that Plaintiffs' filing has established a new speed record for the tolling of the Statute of Limitations in civil actions.

More importantly, as is readily apparent from the pleadings in their rush to obtain either a quick monetary judgment or a settlement, Plaintiffs forgot that Wal-Mart's trucks don't drive themselves, rather they are operated by their employees, one of whom as opposed to receiving a ticket for reckless driving has been charged with various felonies including Death by Auto, a Second Degree Offense, which carries a ten (10) year term of imprisonment.

Counsel for Plaintiffs has not seen fit to file either a memorandum of law or motion in support of his request to file a sur-reply. Nor have Plaintiffs pointed to any new facts to justify the request. New Jersey District Courts have routinely limited the filing of a sur-reply to either a Motion to Dismiss or Motion for Summary Judgment, neither of which is applicable. As this Court is aware, sur-replies are generally disfavored. Alaron Trading Comm'n v. CFTC, 1999 U.S. App. LEXIS 11044 (D.C. Cir. 1999); see also Lacher v. West, 147 F. Supp.2d 538, 539 ("Surreplies ... are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters [.]"). Leave to file a surreply will only be granted to address new matters raised in a reply, to which a party would otherwise be unable to respond. United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, 238 F. Supp.2d 270, 276-77 (D.D.C. 2002). The matter must be "truly new," and not involve simply an alleged mischaracterization. Id., citing Lewis v. Rumsfeld, 154 F. Supp.2d 56, 61 (D.D.C. 2001). If a new matter is introduced in a reply brief, the decision whether to grant leave of court for a surreply is within the court's discretion. Surreplies are most appropriate where the new matter introduced is factual, as in the context of a motion for summary judgment. Cf. Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C. 1998).

In this case, a responsive pleading by a Movant (Kevin Roper) that corrects certain misrepresentation by opposing counsel and disputes the law applicable to the issues before the Court does not establish a sufficient basis to support or justify Counsel's request to file a sur-reply nor should Plaintiff be permitted to manipulate the Rules of Court to create an opportunity to further debate the pending motion.

While I appreciate Counsel's willingness to take a time out from Plaintiffs' on-going media campaign, the pending civil action before this Court has placed Mr. Roper in the totally untenable position of being both the target of an imminent criminal indictment as well as the subject of an on-going civil action. The issue before the Court is not complex and Counsel for Plaintiffs has recognized the aforementioned position Mr. Roper is in and responded by saying they couldn't care less.

As stated in our Reply to Plaintiffs' Opposition, it is my position that the continued prosecution of the civil action including the filing of additional pleadings such as an Answer by Wal-Mart which is due on December 15, 2014 as well as any further delay in addressing the Motion pending before your Honor is prejudicial to Mr. Roper's rights as a Defendant in a on-going criminal action. Counsel's attempt to further protract these proceedings is without justification and should be rejected by this Court.

For the foregoing reasons, as Counsel for Kevin Roper, I respectfully submit that Plaintiffs' request for leave to file a sur-reply brief should be denied.

                                        Respectfully submitted,

                                        */S/David Jay Glassman, Esquire*
                                        David Jay Glassman, Esquire
                                        Law Offices of David Jay Glassman, Esq.
                                        Attorney for Kevin Roper
                                        N.J. Attorney I.D. 021461980
                                        Five Greentree Centre, Suite 104
                                        525 Route 73 North
                                        Marlton, NJ 08053

Date: 12/9/14