UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRACY MORGAN, et al.,

    Plaintiffs,

v.

WAL-MART STORES, INC., et al.,

    Defendants.

Civil Action No. 14-4388 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on Movant Kevin Roper's ("Mr. Roper") application for emergency relief to postpone the filing of further pleadings to protect his Constitutional rights ("Application"). (ECF No. 25.) In his Application, Mr. Roper seeks temporary relief pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and for an Order to Show Cause to issue directing the parties to respond as to why the relief requested should not be granted.

On June 7, 2014, Mr. Roper was criminally charged as a result of a motor vehicle accident (the "Accident"). On July 10, 2014, Plaintiffs Tracy Morgan, Ardley Fuqua, Jr., Jeffrey Millea, and Krista Millea filed a Complaint (ECF No. 1) in this action against Defendants Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC ("Defendants") seeking damages arising out of the Accident. Defendants filed an Answer on September 29, 2014. (ECF No. 11.) The Court's November 20, 2014 Pretrial Scheduling Order required that Defendants file an amended answer by December 15, 2014. (ECF No. 16) On November 14, 2014, four months after Plaintiffs' Complaint was filed, Mr. Roper filed a motion to intervene for the purpose of requesting a stay of discovery (ECF No. 14), returnable December 15, 2014. On December 10, 2014, five months after the Complaint was filed and three weeks after the Court's Scheduling Order that provided the December 15, 2014 answer date, Mr. Roper filed his Application. (ECF No. 25). In his

Application, Mr. Roper asserts he will be harmed if "the Wal-Mart [D]efendants [are] permitted to file an Answer prior to any determination of the impact that the civil case and the publicity that it has generated, and continues to generate, will have upon the constitutional protections afforded to [Mr.] Roper." (App. for Emergency Relief ¶ 7.)

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). The Third Circuit has further instructed that a party seeking an injunction must meet all four factors, as a movant's "failure to establish any element in its favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (reasonable likelihood of success, irreparable harm, public interest, and balance of hardships). Establishing irreparable injury is not enough, as a movant "has the burden of proving a 'clear showing of immediate irreparable injury.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Continental Grp., Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)). "Where a [movant] delays in seeking preliminary injunctive relief, such delay is evidence that speedy relief is not needed." *EMSL Analytical, Inc. v. Testamerica Analytical Testing Corp.*, No. 05-5259, 2006 WL 892718, at *12 (D.N.J. Apr. 4, 2006); *see also Doe v. Banos*, 713 F. Supp. 2d 404, 415 n. 15 (D.N.J.), *aff'd*, 416 F. App'x 185 (3d Cir. 2010).

The Court has reviewed the papers filed by Mr. Roper and concludes that he has not demonstrated, pursuant to Local Civil Rule 65.1, that his Application should proceed in an expedited fashion. Local Civil Rule 65.1(a) provides, "No order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit, other document complying with 28 U.S.C. § 1746 or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." Mr. Roper has not demonstrated that his Application requires emergent relief. Here, Mr. Roper's lack of urgency, as reflected by the submission of his Application five months

after the Complaint was filed and three weeks after the Court's Scheduling Order was entered, undermines his claim of immediate and irreparable harm.

Accordingly, for the foregoing reasons and other good cause shown, **IT IS** on this 12th day of December, 2014, **ORDERED** that Movant Kevin Roper's application for emergency relief is **DENIED**.

_____
**Michael A. Shipp**
**United States District Judge**