David Jay Glassman, Esq.
Law Offices of David Jay Glassman, Esq.
Attorney for Kevin Roper
N.J. Attorney I.D. 021461980
Five Greentree Centre, Suite 104
525 Route 73 North
Marlton, NJ 08053

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRACY MORGAN, ARDLEY FUQUA, JR. JEFFREY MILLEA And KRISTA MILLEA<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC. and WAL-MART TRANSPORTATION, LLC<br><br>Defendants. | Docket No. 3 : 14-cv-04388-MAS-LHG<br><br><br><br><br><br>**ORAL ARGUMENT REQUESTED**<br>(Pursuant to L. Civ. R. 78.1(b)) |

**BRIEF IN SUPPORT OF APPEAL UNDER L. CIV. R. 72.1(c)(1)**

AND NOW, comes Kevin Roper, by and through his attorney, David J. Glassman, Esquire, and files this Brief in Support of his Notice of Appeal Under L. Civ. R. 72.1(c)(1), and in support thereof, states the following:

**INTRODUCTION**

On June 7, 2014, Roper was criminally charged by the Middlesex County Prosecutor for Death by Auto, NJCCJ § 2C:11-5, and Assault by Auto, NJCCJ § 2C:12-lC(l) as a result of an accident that occurred earlier that day on the New Jersey Turnpike. A copy of the criminal Complaint is attached to Roper's underlying Motion to Intervene [Doc. 14] as Exhibit "A."

Roper seeks to intervene in this action and requests this Court enter a temporary stay while Roper's pending criminal matter and National Transportation Safety Board (NTSB)

investigation remain open. Roper seeks this stay because conducting depositions and other discovery in this action, while Roper's criminal investigation remains underway, would impose a serious burden on Roper's Fifth Amendment privilege, it would unfairly infringe on Roper's right to an impartial jury, and ongoing discovery and admissions made in this case will harm Roper's ability to mount a defense, should his criminal case go to trial.

## LEGAL ARGUMENT

### A. The "Clearly Erroneous or Contrary to Law" Standard of Review for Appeals from Non-Dispositive Orders Applies.

The authority of District Courts to review a magistrate judge's determination of a non-dispositive matter derives from 28 U.S.C. § 636(b)(1)(A), which states that "[a] judge of the court may reconsider any pretrial matter. . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The Federal Rules of Civil Procedure and the Local Rules of the District of New Jersey both contain corresponding provisions and adopt the "clearly erroneous or contrary to law" standard. See Fed. R. Civ. P. 72(a)(a party may file objections to a magistrate's non-dispositive pretrial order and "[t]he district judge. . . must. . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."); L. Civ. R. 72.1(c) ("A Judge shall consider the appeal…and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.")

A magistrate judge's finding is "clearly erroneous" "when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *South Seas Catamaran, Inc. v. Motor Vessel "Leeway",* 120 F.R.D. 17, 21 (D.N.J. 1988); *Pharmaceutical Sales and Consulting Corp. v. JWS Delavau Co., Inc.*, 106 F.Supp.2d 761, 764 (D.N.J. 2000) (reversing the magistrate judge's order denying an application to file an amended complaint); *Bobian v. Csa Czech Airlines*, 222 F.Supp.2d 598, 601 (D.N.J. 2002). See

also *Dome v. Employers Mut. Liability Ins. Co. of Wisconsin*, 131 F.R.D. 63, 65 (D.N.J. 1990) (reversing the magistrate judge's ruling on the application of the attorney-client privilege); *Santiago v. McDonald's Restaurants of New Jersey, Inc.*, 2009 WL 223407 *1, *2 (D.N.J. 2009) (reversing the magistrate judge's order denying party's request for a discovery extension); *Wyeth v. Abbott Laboratories*, 692 F.Supp.2d 453, 455 (D.N.J. 2012) (setting aside as erroneous the decision of a magistrate judge to disqualify an attorney from representing a party). A magistrate judge's ruling is "contrary to law" if the judge "has misinterpreted or misapplied applicable law." *Bobian*, 222 F.Supp.2d at 601; *Wyeth*, 692 F.Supp.2d at 455.

### B. Intervention as a Right Under Fed. R. Civ. P. 24(a)(2).

In his Motion to Intervene, Roper contends he is entitled to intervene in this action as a matter of right. Intervention as of right is governed by Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) requires the Court to allow anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998). Among the interests that satisfy these criteria are injury to reputation. *Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 20-21 (E.D.N.Y. 1996) (citing *Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371, 373, 392 (2d Cir. 1981)). Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate." *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 30 L. Ed. 2d 686, 92 S. Ct. 630 (1972)); see also *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. DOI*, 100 F.3d

837, 844 (10th Cir. 1996). The possibility that the interests of the applicant and the parties may diverge "need not be great" in order to satisfy this minimal burden. *Natural Res. Def. Council v. United States Nuclear Reg. Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978).

    **C. The Magistrate Judge Erroneously Found that Roper Lacked a Protectable Interest in This Case to Support Intervention.**

In its February 3, 2015 Order, the Magistrate found that Roper's case of *SEC v. Dresser Industries, Inc.,* 628 F.2d 1368 (D.C. Cir. 1980) does not mandate Roper's intervention and a stay. (See Order, p. 6). In distinguishing *Dresser*, the Magistrate relied heavily on the fact that Roper has not shown a protectable interest, and has not explained how this civil action "might compel him to reveal his defense theories or strategies." (Order, p. 7.)

Here, there is already a certainty that parties in this case will assert allegations, elicit discovery responses, and develop facts that influence the scope of evidence in Roper's criminal investigation and trial. The threat to Roper is not necessarily the fact that he will be compelled to "reveal his defense theories or strategies," but that ongoing discovery in this case will produce "facts" which Roper cannot mitigate (without waiving his Fifth Amendment privilege) and which contradict the defense Roper elects to mount in his criminal trial.

Moreover, given the intense media attention in this case, there is a cognizable threat to Roper that ongoing discovery and investigation in this civil matter will result in facts and information that are injurious to Roper's reputation and harmful to Roper's ability to achieve a fair trial and impartial jury.

There are a litany of potential developments in this civil case that will adversely affect public opinion of Roper, and will adversely affect his pending criminal matter. For example, given the intense media coverage associated with this case, any admission made by the Defendants (collectively "Wal-Mart") in this action concerning Roper and his actions prior to the

accident will be widely reported throughout the United States. In such a scenario, Roper would be faced with the choice of either remaining silent, and allowing such an admission to tarnish Roper's reputation and credibility before the grand jury, or deny of such negative information and thereby waive his Fifth Amendment privilege. In other words, by allowing Wal-Mart to admit or deny the allegations concerning Roper's conduct, and by allowing the parties to engage in expansive discovery concerning Roper and his conduct and activities leading up to the subject vehicular collision, Roper is placed in a position where he cannot disprove or deny any such inaccurate information.

In its Order, the Magistrate dismissed these concerns and found that "even if Roper were allowed to intervene there is no reason to believe that intervention or even a stay would result in a bar to the release of information to the media . . ." (Order, p. 8.) .

Simply put, that is not the case. As a practical matter, a temporary stay in this action would protect Roper's interests by preventing Wal-Mart from filing and making admissions or discovery responses that are damaging and potentially contradictory to Roper's criminal defense strategy. Any such admissions, investigation results or discovery in this case will inevitably be reported by national media outlets, and a brief stay would altogether halt the release of any such information and would greatly lessen the potential harm to Roper's pending criminal defense case.

> **i. There is no "speculation" concerning the adverse affect this case will have on Roper's pending criminal matter.**

On page 9 of his Order, the Magistrate found that "the extent that Roper has an interest in this civil action based upon the Fifth Amendment, it is both general and speculative; allowing him to intervene would be incongruous with the requirement that the Rule 24(a) interest be

concrete and directly affected by the pending suit." Roper respectfully contends that finding was in error.

In this case, there are a litany of facts and upcoming events which are not "speculative," and the combination of these factors will all work to prejudice Roper and adversely influence his ability to structure and mount a defense in the pending criminal matter, should Roper's motion be denied. For instance, it is not "speculative" that:

(1) Any developments in the civil action will be covered and reported in the national press.

(2) Plaintiffs' general liability and punitive damages claims are both grounded on Roper's operation of truck. While Roper is not a party to this action, his conduct forms the basis for every claim asserted against Wal-Mart.

(3) This civil action is now proceeding at the same time the criminal case is being evaluated & investigated by the Middlesex County Prosecutor's Office.

(4) It is not speculative that Roper lacks any ability to regulate or develop what evidence the Prosecutor presents to the Grand Jury. The parties in this action, via the civil discovery process, are not similarly limited.

(5) By allowing this civil action to continue without a stay, there exists a significant threat to Roper that the parties in this case will assert allegations, elicit discovery responses, and develop facts that influence: (1) the Prosecution's decision to present the case to the grand jury, (2) the scope of evidence before the grand jury, and, (3) should indictment occur, the scope of evidence before the jury in Roper's criminal trial.

(6) It is not speculative that due to the national interest and high profile nature of this civil action, the facts and admissions that arise in this action concerning Roper will corrupt the potential jury pool in the criminal action.

(7) Roper cannot disprove or even deny any facts or admissions developed in this civil action without waiving his Fifth Amendment privilege[1]. Even a denial by Roper of harmful allegations made in this case carries a risk that the criminal prosecutor will argue Roper's Fifth Amendment privilege was waived.

(8) At this time, there is no judicial arm connected to the criminal action who can set in and protect Roper's rights - only an indictment would provide for that judicial oversight. Until then, unless Roper waives his rights he is completely defenseless to the barrage of accusations made against him in the civil action.

The above factors weigh heavily in permitting Roper to intervene and obtain a temporary stay of these proceedings. While Roper was not named as a defendant in this action, his conduct is unquestionably the focal point of Plaintiffs' complaint. For instance, the Plaintiffs' negligence claims against Wal-Mart are predicated largely on Plaintiff's claim that Roper was awake for more than 24 hours immediately prior to the accident. (See Comp, ¶68.) Those same allegations form a basis for Roper's potential criminal liability, and the Plaintiffs' investigation and development of evidence concerning Roper's driving habits in this action threaten to adversely influence the ongoing criminal investigation against Roper.

Even a cursory review of the media's coverage of this matter reveals the negative impact that discovery in this action will have on Roper's criminal case. For example, national media outlets have already reported false information concerning Roper's alleged "Twitter" profile,

---

[1] The United States Supreme Court has acknowledged that Fifth Amendment rights are ²precious." *Miranda v. Arizona*, 384 U.S. 436, 457, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Courts have a duty to protect these rights. *United States v. Demchak*, 545 F.2d 1029, 1031 (5th Cir. 1977).

including social media posts he allegedly made immediately following the accident[2]. Wal-Mart's admissions or discovery responses concerning those facts have a direct influence on Roper's reputation with the general public, and negatively influence his right to an impartial jury.

Roper's concerns, which are anything but speculative, are similar to those addressed by the court in *Warren v. Geller*, 2013 U.S. Dist. LEXIS 50856, 2013 WL 1455688 (E.D. La. April 9, 2013). There, the court allowed the United States government to intervene in a civil dispute between two individuals, and then granted the government's motion to stay the civil case. The government successfully argued that the defendant [Geller] "is the subject of a grand jury's federal criminal investigation involving the exact set of facts, circumstances, witnesses, and evidence relating to this civil suit," and that "permitting this case to continue into discovery, summary judgment, and trial will operate to irreparably harm the Grand Jury's investigation." *Id*. at *4.

In *Warren*, the Defendant (Geller) was sued for fraud and negligence in the formation of an alleged trust and in failure to properly pay the policy proceeds, which the plaintiff alleged Geller stole for his own personal benefit. In support of its motion to intervene, the United States argued that there was a common nucleus of operative facts in both the civil and criminal matters, and while an indictment had not been issued, "the investigation into potential criminal violations has been ongoing and is still an active investigation." *Id* at *8.

The court in *Warren* ultimately granted the government's motion to intervene and stay the case, and noted that the prosecution has an interest in intervening in civil proceedings to stay discovery to protect a criminal investigation, and that "allowing this case to continue would likely result in duplicative discovery and legal findings, as well as risk the integrity of the

---

[2] See, e.g. http://www.nydailynews.com/entertainment/tracy-morgan-driver-talks-aftermath-accident-article-1.1821642

criminal proceedings." *Id*. at *36. See also *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527 (S.D. W. Va. 2005)(allowing U.S. government to intervene for the limited purpose of obtaining a stay of discovery because defendants, three drug companies, were unindicted targets of an investigation involving the illegal sale and distribution of a counterfeit drug and asserted that the investigation could be severely prejudiced by the allowance of discovery in the pending civil case.)

The same justification that warranted intervention and a stay for the government's interest in *Warren* warrants a stay in this case. In fact, Roper's interests in the integrity of the criminal investigation and grand jury proceedings are the same, if not greater than the government's interests in *Warren*. Unlike the government in *Warren*, Roper lacks the power and resources to protect himself (and his reputational interest) from any adverse allegations or facts that are development through this civil action.

### ii.  Wal-Mart Cannot Adequately Protect Roper's Interests

Wal-Mart and Roper's interests are not aligned in this civil action. Wal-Mart does not have the same interest as Roper in disproving the facts that may develop via this civil action, particularly to the extent those facts only harm Roper's pending criminal matter. One example of this is found in the potential scenario where Roper commences his criminal defense, which is based on a strategy that is destroyed when certain disclosures are made in the ongoing civil action.

In such an event, which is a virtual certainty, only Roper (via intervention and a stay) can adequately protect such a disclosure from being made. Wal-Mart, who is faced with potentially massive punitive liability for its alleged "pattern and practice" of violating federal motor carrier

regulations, would best serve its own interests by portraying Roper as a "sole-offender," which could have a ruinous effect in Roper's criminal case.

### D. The Magistrate Judge Erroneously Found That Permissive Intervention Was Not Warranted.

On page 11 of his Order, the Magistrate also concluded that permissive intervention was not warranted, because "allowing intervention would cause a significant delay, to the prejudice of the parties." (See Order, p. 11.)

Permissive intervention is governed by Rule 24(b), which provides:

> "On timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact…In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

Permissive intervention is available upon timely application "when an applicant's claim or defense and the main action have a question of law or fact in common." The rule further provides that in exercising its discretion as to whether to grant permissive intervention, the district court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Brody v. Spang*, 957 F.2d 1108, 1115-16 (3d Cir. 1992).

Roper respectfully contends that the Magistrate's finding of prejudice was in error. Here, there is no prejudice to the parties, primarily because the Plaintiff (Tracey Morgan) is still treating, and the case is not in a procedural posture where is ready to be set for trial.

Moreover, since criminal charges are already pending, any stay granted will not be for an indefinite period of time. If discovery in the civil action is stayed until the conclusion of the

criminal matter, it will also obviate the need to make rulings on continual requests for intervention, protective orders, and on discovery issues that may impact the criminal case. See *Maloney v. Gordon*, 328 F. Supp, 2d 508, 513 (D. Del 2004); *Javier H v. Garcia Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003)("By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed.")

## CONCLUSION

The civil discovery process in this case is likely to result in forcing Roper to testify about his actions, or have those actions described by others, to which he could not defend against without waiving his right against self-incrimination. The overlap between the criminal and civil matters is unavoidable, and as described herein, the prejudice to Roper should this case continue will be substantial and irreparable. The fact that the Plaintiffs have chosen not to name Roper in this action (presumably for strategic and financial insolvency reasons) does not, in any way, counteract the prejudice and harm Roper would face should discovery in this case continue.

**WHEREFORE**, Roper respectfully requests that this Honorable Court grant the Motion to Intervene and grant the enclosed Order issuing a stay of discovery of this matter pending outcome of the criminal charges against Roper, and that the Court grant such further relief that this Court deems just and proper.

Respectfully submitted,

*/s/David Jay Glassman, Esquire*
David Jay Glassman, Esquire
Law Offices of David Jay Glassman, Esq.
Attorney for Kevin Roper
N.J. Attorney I.D. 021461980
Five Greentree Centre, Suite 104
525 Route 73 North, Marlton, NJ 08053