**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TRACY MORGAN, et al.,

              Plaintiffs,

              v.

WAL-MART STORES, INC., et al.,

              Defendants.

Civil Action No. 14-4388 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on a joint motion to seal by Plaintiffs Tracy Morgan, Ardley Fuqua, Jr., Jeffrey Millea, and Krista Millea ("Plaintiffs") and Defendants Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC ("Defendants") pursuant to Local Civil Rule 5.3 for the entry of an order sealing Plaintiffs' attorney's fee application. (ECF No. 47.) The Court has carefully considered the parties' submission and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the joint motion to seal is granted.[1]

There is a presumption that "all material and judicial proceedings are matters of public record and shall not be sealed." L. Civ. R. 5.3(a)(4). "The right of public access, however, is not absolute and the presumption of access may be rebutted." *Cuadra v. Univision Commc'ns, Inc.*, No. 09-4946, 2012 WL 1150833, at *11 (D.N.J. Apr. 4, 2012) (citing *In re Cendant*, 260 F.3d 183,

---

[1] The parties' joint motion to seal is not yet returnable; however, all parties have joined in this motion and the opposition deadline has passed. Additionally, this matter concerns mainly private interests, and the public has little, if any, interest. Accordingly, the Court will not delay deciding this motion until the return date, July 7, 2015, so the parties can expediently conclude this litigation now that an amicable settlement has been reached. To the extent this action conflicts with Local Civil Rule 7.1, which governs the motion calendar, the rule is relaxed pursuant to Local Civil Rule 83.2. *See United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000).

194 (3d Cir. 2011)). In this regard, parties are free to make a formal motion requesting that the court seal materials filed on the docket when an important countervailing interest is shown. L. Civ. R. 5.3(c). In making a motion to seal, the moving party must "describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). "If the Court determines that sealing is warranted and that no less restrictive alternative available, the Court's order or opinion 'shall include findings on the factors set forth in (c)(2) above as well as other findings required by law.'" *Cuadra*, 2012 WL 1150833, at *11 (quoting L. Civ. R. 5.3(c)(5)).

Under *Pansy v. Borough of Stroudsburg*, before the Court can grant a party's request to seal a document that would otherwise be public, the party seeking the relief must demonstrate that "good cause" exists for sealing the document. 23 F.3d 772, 786 (3d Cir. 1994). To justify entry of an order sealing judicial records, the party seeking the closure "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking" to seal the documents at issue. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1993)). Once the two aforementioned elements have been established, a district court will weigh the harm and injury that allegedly would result if the information is not sealed against the common law presumption of access. *Id.* In making the decision as to whether sealing is appropriate, this Court may consider the following factors:

1.  whether disclosure will violate any privacy interests;

2.  whether the information is being sought for a legitimate purpose or for an improper purpose;

3.      whether disclosure of the information will cause a party embarrassment;

4.      whether confidentiality is being sought over information important to public health and safety;

5.      whether the sharing of information among litigants will promote fairness and efficiency;

6.      whether a party benefitting from the order of confidentiality is a public entity or official; and

7.      whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91). These factors, however, are not mandatory, nor are they an exhaustive list. *See id.* Ultimately, this Court has the discretion to make a decision by evaluating "the competing considerations in light of the facts" surrounding this specific case. *Pansy*, 23 F.3d at 789 (internal quotation marks omitted).

Here, sealing the Plaintiffs' attorney's contingent fee application is appropriate. This Court finds that the parties have sufficiently demonstrated a substantial and compelling interest in confidentiality and that divulgence to the public would work a clearly defined and serious injury to the parties. Specifically, disclosure would result in the dissemination of confidential settlement negotiations and confidential settlement amounts. Although the public may be interested in this case, the public has no legitimate interest in gaining access to this confidential information, as this is a case between private parties. As the application contains confidential material throughout, there is no less restrictive means to prevent the injury discussed above. Thus, when the aforementioned factors are weighed against the presumption of access by the public, the parties have a significant interest in the confidentiality of the settlement information and serious injury would result if the parties' requested relief is not granted.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 23 day of June, 2015, **ORDERED** that:

1.      The parties' Joint Motion to Seal (ECF No. 47) is GRANTED; and

2.      Plaintiffs' Application for Attorney's Fees (ECF No. 48) shall remain under permanent seal.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4